**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **MARVIN L. STARCHER,** | |
| **Plaintiff,** | |
| **v.** | **No. 1:25 CV 664** |
| **BRADY THOMAS, *et al.*,** | |
| **Defendants.** | |

**OPINION and ORDER**

Marvin L. Starcher, a prisoner without a lawyer, filed an amended complaint about a fire that occurred on November 19, 2025, at the DeKalb County Jail. (DE # 15.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Starcher alleges that a fire broke out at the DeKalb County Jail around 11:00 a.m. on November 19, 2025. The lights went out and inmates began to panic. The smoke burned his nose and made it hard to breathe. Officer Vincent told the inmates in Starcher's unit that he was unable to unlock their cells because Zack Shifflet had to find the key to the doors. After "what seemed like hours," the inmates in Starcher's unit were released from their cells.

Shifflet explained to Officer Vincent that they needed to focus on the floor where Starcher was housed because that's where the smoke was. The inmates asked to go downstairs, but Shifflet told the inmates to sit on the floor and then he left the area to find keys for another dorm. He returned with another officer after an hour and told the inmates the police department had a plan, and he would let them know what the plan was as soon as he knew.

One inmate was placed in handcuffs and taken to the hospital for medical care. There were no emergency lights in the unit. The other inmates were placed in cuffs and escorted downstairs by police officers with flashlights one at a time. There was little to no smoke on the ground floor. The inmates were then transported to the Noble County Jail by bus.

Once at the Noble County Jail, Starcher was provided with dinner. He used a kiosk to request medical care. After agreeing to pay $15.00, he was assessed by a nurse who checked his vitals and listened to his breathing. Starcher was told that his medical records would be sent to the DeKalb County Jail and medical staff and the DeKalb County Jail would determine if additional tests were needed. On Monday, Starcher was returned to the DeKalb County Jail. Starcher is suing Officer Vincent, Zack Shifflet, Brady Thomas, and Joshua Carpenter.

As a pretrial detainee, Starcher is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the

minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Pittman*, 108 F.4th at 570. In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Starcher alleges that his release from his cell was delayed by Shifflet's inability to find the key necessary to unlock his cell and by leaving Starcher sitting on the floor in

the unit while Shifflet looked for keys to unlock other inmates' cells. This may amount to negligence, but Starcher has not alleged facts that show that Shifflet's actions were objectively unreasonable under the circumstances.

Starcher also alleges that both Shifflet and Officer Vincent should be held accountable because they knew that the smoke was on the upper floors but neither insisted that Starcher and other inmates be evacuated from their floor immediately. This too may amount to negligence, but it doesn't show that the actions of either Officer Vincent or Shifflet were objectively unreasonable under the circumstances.

Starcher also complains about a lack of medical care following his release from his cell. Because Starcher is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and

circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Starcher complains that jail staff did not proactively offer him medical care following exposure to smoke and fumes. Starcher, however, indicates only that inmates told Officer Vincent it was hard to breathe when they asked to be let out of their cells. It is unclear if Starcher communicated directly with Officer Vincent about his specific medical needs. But, even if he did, he could not proceed against Officer Vincent because Starcher did receive medical care: he was assessed by medical staff at the Noble County Jail after requesting care on the jail's kiosk system. Thus, Starcher's allegations do not suggest that Officer Vincent responded to his medical needs in a manner that was objectively unreasonable.

Starcher also asserts that his medical needs were denied when Shifflet allegedly told an officer who was at the hospital with an inmate requiring medical care that no other inmates would be coming to the hospital for care related to the fire. Starcher does not describe symptoms that could have necessitated a trip to the hospital and so Shifflet's general statement that no other inmates were being transported to the hospital does not demonstrate that Shifflet responded to Starcher's needs in a manner that was objectively unreasonable.

Starcher does not allege any facts that suggest that Thomas or Carpenter was aware of his medical needs and responded to those needs in a manner that was

objectively unreasonable. Therefore, Starcher may not proceed on any claim for denial of medical needs against Thomas or Carpenter.

Starcher may also be alleging that Brady Thomas, Carpenter, or Shifflet should be held liable for failing to train their staff so they would know what to do in a situation like this. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," and Starcher's amended complaint does not allege that there were other fires from which inmates could not be evacuated in a timely manner due to a lack of keys. Starcher alleges that the DeKalb County Jail has had ongoing issues resulting in more than 100 lawsuits being filed for alleged constitutional violations at the jail. Based on this information, Starcher concludes that each of the defendants was aware of the previous misdeeds and that there was therefore a need to directly supervise subordinates in a way that brings about solutions to the problems. However, filing a lawsuit does not mean that the complaint stated a viable claim, and even where a lawsuit alleges a viable claim, it does not amount to a finding that a violation occurred. Furthermore, Starcher does not allege that these lawsuits had anything to do with previous fires at the DeKalb County Jail or otherwise explain how they could be relevant to the claims he is raising.

"A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under

42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Being aware of problems generally does not do away with the requirement that defendants be personally involved in an alleged violation to be held liable. Therefore, Starcher may not proceed against Thomas, Carpenter, or Shifflet for failing to train their subordinates.

Starcher's amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Starcher has already had one opportunity to amend his complaint, and for the reasons previously explained, it would be futile to allow him another opportunity to amend.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: October 27, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT